**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PABLO MARTINEZ,** | : |
|     **Petitioner** | :   **CASE NO. 3:17-CR-26** |
|     v. | :   **(JUDGE MANNION)** |
| **UNITED STATES OF AMERICA,** | : |
|     **Respondent** | : |

## MEMORANDUM

Pending before the court is petitioner Pablo Martinez's ("Martinez") Motion to Vacate, Set Aside, or Correct his 150-month sentence of imprisonment imposed on May 11, 2018. (Doc. 110). Martinez is currently serving his prison sentence at FCI Ray Brook, New York. Martinez's motion is filed pursuant to 28 U.S.C. §2255 and is based upon the Supreme Court's decision in United States v. Davis, --- U.S. ---, 139 S.Ct. 2319 (2019) (holding that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause). Martinez claims that his conviction and sentence on Count 3 for a violation of 18 U.S.C. §924(c) must be vacated because one of his predicate offenses, namely, conspiracy to commit Hobbs Act robbery, can no longer be considered a crime of violence. As relief, Martinez requests the court to vacate his conviction and sentence

1

for a violation of §924(c) arguing that it violates his due process rights based on Davis. For the following reasons, Martinez's motion, (Doc. 145), will be **DENIED**.

I. **BACKGROUND**[1]

On February 7, 2017, a federal grand jury returned a 12-count Indictment against Pablo Martinez, Deshaun Lipscomb, and Orrett Campbell. (Doc. 1). The Indictment charged Martinez with the following offenses: Count 1, Conspiracy to Commit Robbery by Violence, in violation of 18 U.S.C. §1951(a); Count 2, Conspiracy to Distribute and Possess With Intent to Distribute Marijuana, in violation of 21 U.S.C. §846; Count 3, Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§924(c) and (c)(1)(A)(iii); and Count 4, Distribution and Possession With Intent to Distribute Methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §841(a)(1).

On June 23, 2017, Martinez executed a written plea agreement. (Doc. 52). On July 5, 2017, Martinez pled guilty to Count 3 of the Indictment.

---

[1] Since the complete background of this case is stated in the motion and the briefs of the parties, it shall not be fully repeated herein. The factual background of this case is also detailed in the PSR, (Doc. 97, ¶'s 5-9), and was summarized at Martinez's guilty plea hearing, (Doc. 144 at 20-22).

2

Specifically, Count 3 charged that on January 12, 2016, Martinez and his co-defendant Lipscomb, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence, that is, conspiracy to interfere with commerce by robbery, as charged in Count 1, during and in relation to a drug trafficking crime, that is, the conspiracy to distribute and possess with intent to distribute marijuana, as charged in Count 2, all in violation of 18 U.S.C. §924(c) and §2, and Pinkerton liability. (Doc. 1).[2]

After Martinez's guilty plea, the court directed that a presentence investigation report ("PSR") be prepared. The PSR was filed on March 13, 2018. (Doc. 97).

On May 11, 2018, Martinez was sentenced to a term of imprisonment of 150 months on Count 3, followed by a 4-year term of supervised release. (Doc. 110).

Martinez did not file a notice of appeal with the Third Circuit regarding his judgment of sentence. Under the terms of the plea agreement, Martinez waived his right to appeal.

On June 23, 2020, Martinez filed a motion, pursuant to 28 U.S.C. §2255, to vacate his conviction under §924(c) based on the Davis case.

---

[2] See Pinkerton v. United States, 328 U.S. 640 (1946).
Also, the court notes that Martinez's two co-defendants pled guilty to using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime, a violation of Section 924(c)(1)(A).

(Doc. 145). On June 24, 2020, pursuant to this court's Standing Order 19-08, Martinez was appointed counsel from the Federal Public Defender Office, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, to represent him and to assist him with his motion to vacate predicated on the Davis case. (Doc. 146). Martinez states that his Section 924(c) conviction was based upon both a drug trafficking offense and a crime of violence, i.e., conspiracy to commit Hobbs Act robbery. However, Martinez alleges that since one of his predicate offenses, namely, conspiracy to commit Hobbs Act robbery, is no longer a crime of violence, the court should set aside his conviction and sentence on Count 3 of the Indictment, for a violation of Section 924(c), as it can no longer stand on both predicate offenses.

The court directed the government to respond and, on September 8, 2020, after being granted an extension of time, the government timely filed its brief in opposition to Martinez's motion. (Docs. 147 & 152).

On September 22, 2020, Martinez filed his reply brief. (Doc. 157).

Having been fully briefed, Martinez's motion is now ripe for review.

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

4

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir.

5

2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Williams v. United States, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

"If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate." United States v. Milan, 2020 WL 6682535, *2 (M.D. Pa. Nov. 12, 2020) (citing 28 U.S.C. §2255(b)).

### III. DISCUSSION

This court has jurisdiction over Martinez's motion under §2255 pursuant to 28 U.S.C. §§1331 and 2241.

In his §2255 motion, Martinez seeks to vacate his conviction under §924(c) as unconstitutional, claiming that since it was based on two underlying predicate offenses and one of those predicate offenses, namely,

6

conspiracy to commit Hobbs Act robbery, no longer qualifies as a "crime of violence" under the rule announced by the Supreme Court in Davis, his conviction must be vacated. Since his motion was filed within one year of the date on which the Davis decision was issued, (June 24, 2019), it is timely. *See* Milan, 2020 WL 6682535, *2 ("A federal prisoner may … file a §2255 motion within one year from '[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'") (citing 28 U.S.C. §2255(f)(3)). The court also finds no merit to the government's penultimate argument that Martinez's claim based on Davis is procedurally defaulted and that he could have raised this issue earlier when the case was initially charged. Martinez's instant constitutional vagueness challenge to §924(c)(3)(B) was not available to him prior to Davis. *See* In re Matthews, 934 F.3d 296 (3d Cir. 2019) (Third Circuit authorized petitioners' second or successive §2255 motions after the Davis case finding that they were timely and that the issue of whether "petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry."). *See also* United States v. Cunningham, 2020 WL 6504636 (M.D. Pa. Nov. 5, 2020) (after the Davis decision, the Third Circuit authorized defendant's second or successive Section 2255 motion to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C.

§924(c) claiming that his conviction as to this offense cannot rest on the residual clause of Section 924(c)(3)(B) since it is unconstitutionally vague); Aquino v. United States, 2021 WL 183521 (M.D. Pa. Jan. 19, 2021).

The court will now consider the merits of Martinez's instant claim based on Davis.

As the court in Milan, 2020 WL 6682535, *2, explained:

Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. §924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016).

In Davis, 139 S.Ct. at 2336, the Supreme Court held that the "residual clause" of §924(c)(3)(B) was unconstitutionally vague. Thus, a predicate crime of violence may now qualify only under §924(c)(3)(A), i.e., the "elements clause." The Supreme Court in Davis then "invalidated a conviction under Section 924(c) that was predicated on conspiracy to commit Hobbs Act Robbery because it relied on the residual clause's definition of a 'crime of violence.'" Higa v. United States, 413 F.Supp.3d 1012, 1015 (D. Hi.

8

2019). In particular, Davis rejected a Section 924(c) conviction that was predicated on Hobbs Act Conspiracy because Hobbs Act Conspiracy can only be defined as a crime of violence under Section 924(c)'s residual clause." *Id.* (citing Davis, 139 S. Ct. at 2325, 2336).

Similar to the defendant in Higa, Martinez argues that as in Davis, "his Section 924(c) conviction was likewise predicated on Hobbs Act Conspiracy and is therefore likewise unconstitutional." *Id*. However, the court in Higa, *id*., explained that:

> "[defendant] might have been right if his Section 924(c) conviction was, in fact, predicated solely on the Hobbs Act Conspiracy to which he pleaded guilty. The problem for Higa is that his Section 924(c) conviction can also be sustained using the Count 2 Hobbs Act Robbery offense identified in Count 3 of the Indictment as an alternative predicate crime of violence. That is true even though Higa was not convicted of Count 2 and even though Count 2 was dismissed at sentencing."

Indeed, courts have now held that a Hobbs Act conspiracy does not qualify as a predicate crime of violence under Section 924(c)(3)(A)'s "elements" clause. *See* United States v. Duhart, 803 Fed.Appx. 267 (11th Cir. 2020) (holding that "conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under §924(c)(3)'s elements clause") (citation omitted).

"To prove an offense under §924(c)(1)(A), the government must establish that a defendant used or possessed a firearm in relation to and in

9

furtherance of a 'crime of violence' or a 'drug trafficking crime.'" Duhart, 803 Fed.Appx. at 270 (citing 18 U.S.C. §924(c)(1)(A)). "A conviction under §924(c) 'does not require that a defendant be convicted of, or even charged with, the predicate offense.'" *Id.* (citation omitted). Thus, it is no moment that Martinez was not convicted of a predicate crime of violence or drug trafficking crime.

The government concedes that "the plain language of the indictment clearly indicates that [Martinez's] Section 924(c) charge was predicated upon *both* a violent crime [as charged in Count 1] and a drug trafficking crime [as charged in Count 2]." (Doc. 152 at 16) (emphasis original). Also, there is no doubt that since the government used the word "and" in preparing the Indictment, in preparing the plea agreement, and during the plea hearing, Martinez's §924(c) conviction was based on both predicate offenses. (Doc. 152 at 16-17) (citing the plea agreement, Doc. 52 ¶1). As the government states:

> At the change of plea hearing, when asked to outline the maximum potential penalties for the count to which the defendant had agreed to plead guilty, counsel for the government stated that "Count 3 is a violation of Title 18, United States Code, Section 924(c) and Section 2. This charges a use, carry, brandish, and discharge of a firearm in relation to a drug trafficking offense and a crime of violence." [Doc. 152 at 16-17] (citing [Doc. 144 at 7] Tr. of Change of Plea Hrg., July 5, 2017, at 7:10-13).
>
> Again, when summarizing the plea agreement, counsel for the government stated, "in the plea agreement, the Defendant, Pablo

> Martinez, agrees to plead guilty to Count 3 of the indictment as discussed, charging a violation of Title 18, United States Code, Section 924(c), discharge of a firearm during and in relation to a violent crime and drug trafficking crime." [Id.] (citing [Doc. 144 at 9-10] Tr. at 9:21-25). The Court asked Martinez and his attorney whether they had "listened carefully" and if they "agree with the government's summary of the plea agreement?" Both answered, "Yes." [Id.] (citing [Doc. 144 at 12] Tr. at 12:8-13).

Martinez argues that since the language of the Indictment alleged two predicate offenses and since a conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. §1951, served as one of his predicate offenses for his §924(c) conviction, the conviction cannot stand because conspiracy to commit Hobbs Act robbery is not a crime of violence any longer based on Davis.

The court in Higa, *id.* at 1016, addressed an argument similar to Martinez's, and explained:

> Higa is correct that a conviction under Section 924(c) based on Hobbs Act Conspiracy should properly be vacated following the Supreme Court's ruling in Davis that Section 924(c)(3)(B) (the "residual clause") is unconstitutional. However, the Government correctly argues that Higa's Section 924(c) conviction is not solely based on his conviction for Hobbs Act Conspiracy or by any other offense dependent on the residual clause. Instead, as set forth in Count 3 of the Indictment, Higa's Section 924(c) conviction is also grounded in Count 2's Hobbs Act Robbery charge, which is a crime of violence under the unchallenged §924(c)(3)(A) elements or force clause.

Martinez pleaded guilty to a Section 924(c) charge predicated upon a drug trafficking crime and a crime of violence. Martinez contends that "[t]he

11

Section 924(c) conviction depended on both a drug trafficking offense and a crime of violence together and not on one or the other", and "[b]ecause conspiracy to commit Hobbs Act robbery is not a crime of violence, the conviction based on both offenses cannot stand." In response, the government asserts that even if conspiracy to commit Hobbs Act robbery is no longer a crime of violence after Davis, Martinez's conviction on Count 3 was also based on a drug trafficking offense, which he admitted was related to the shooting of Joseph Virgona, and such offense remains a qualifying predicate offense. As the government explains, Martinez "admitted to factual guilt on both the drug trafficking conspiracy and the Hobbs Act robbery conspiracy, and admitted his use of the firearm was in relationship to both", and post-Davis, the drug trafficking predicate offense "[remains] sufficient for a conviction under Section 924(c)." (Doc. 152 at 19-20). Thus, the government contends that since Martinez's drug trafficking predicate offense remains valid as a qualifying predicate after Davis, his challenge to Count 3 fails and his §924(c) conviction remains valid.

There is no doubt that if Martinez's conviction under §924(c) was based only on Hobbs Act conspiracy, it would have to be vacated based on the Supreme Court's ruling in Davis. *See* Duhart, 803 Fed.Appx. at 271. However, Martinez's conviction was also predicated on a drug trafficking offense. Thus, Martinez's conviction on Count 3 is valid to the extent it was

12

also predicated on the crime of drug trafficking, which remains a predicate crime under the elements clause of §924(c)(3)(A).

The court must examine the record to determine if the predicate offense for Martinez's §924(c) conviction was only conspiracy to commit Hobbs Act robbery or if it was also based on a predicate drug trafficking crime which can support his conviction under §924(c)(3)'s elements clause. *See* Duhart, *supra*. The record reveals that Martinez's shooting of Virgona was related to drug trafficking as well as the conspiracy to commit Hobbs Act robbery. In particular, after hearing the underlying facts regarding Count 3 during Martinez's plea colloquy, the court and the defendant, (Doc. 152 at 17-19, Doc. 144, N.T. 22-24), had the following exchange:

> The Court: Let me ask you, did you discharge a weapon and did you shoot him [Virgona] in the leg, as the government said, in the buttocks?
>
> Defendant: Yes.
>
> The Court: Was that in the course of you knew that the activity that was going on there was, first of all, the drug deal?
>
> Defendant: Yes.
>
> The Court: And secondly that there was a plan, whoever's plan it was of the co-conspirators, to rob Mr. Virgona?
>
> Defendant: Yes.
>
> The Court: So you were aware that it was a drug deal that you were involved with, correct?

13

Defendant: Yes.

The Court: And you were aware that it was a robbery, that you were going to try to steal the drugs or money or whatever and not pay for them; is that correct?

Defendant: Yes.

The Court: And that during the course of that, however it happened, that you discharged a weapon and shot Mr. Virgona in the leg and in the buttocks?

Defendant: Yes.

The Court: You did that of your own free will. In other words, you knew what you were doing, nobody forced you to do it?

Defendant: Yes.

The Court: I assume that you knew, but let me ask, did you know it was illegal to purchase marijuana or to buy marijuana from somebody else for purposes of reselling it or distributing it?

Defendant: Yes.

The Court: And did you know it was illegal to steal from somebody, either money or drugs or anything else, and to shoot them?

Defendant: Yes.

The Court: And the gun itself was actually carried in relationship to this activity, correct? In other words, you took it with you when you first came into the activity because you knew that you might have to use it or you might be going to use it; is that right?

Defendant: Yes.

>The Court: Can I be satisfied then, Mr. Martinez, that you are guilty as charged?
>
>Defendant: Yes.
>
>The Court: So let me ask you more formally, how do you plead to Count 3 of the indictment?
>
>Defendant: Guilty.

As the government states, (Doc. 152 at 19), and as the record reflects, "[Martinez] admitted to factual guilt on both the drug trafficking conspiracy and the Hobbs Act robbery conspiracy, and admitted his use of the firearm was in relationship to both."

"The Third Circuit has explained that Section 924(c) 'requires that the government prove the defendant committed a qualifying offense but does not require that [he] be charged or convicted of such an offense.'" Milan, 2020 WL 6682535, *3 (citations omitted). The court then held in Milan, 2020 WL 6682535, *4, "[g]iven the plain language of the indictment and the admissions gleaned from the record, the Court thus finds that the completed [Hobbs Act] robbery properly underlies Defendant's Section 924(c) conviction." Here, Martinez pled guilty to a Section 924(c) charge in which one of the predicate offenses was drug trafficking and, he admittedly carried a firearm and knew that the firearm was going to be used related to the drug activity. Further, Martinez admitted that he, in fact, discharged his weapon during the drug deal and shot Virgona. Based on the above facts, it is clear that Martinez's

15

§924(c)(1)(A) conviction was not predicated only on a crime of violence, but was also predicated on a drug trafficking crime. In fact, during his guilty plea colloquy, Martinez admitted to all of the elements of a drug trafficking conspiracy and his guilty plea to the §924(c) charge, insofar as it was based on this predicate offense, remains a valid conviction.

Thus, the court finds that Martinez's conviction under 18 U.S.C. §924(c)(3)(A), remains valid after Davis since it was supported by a predicate drug trafficking crime.

Finally, the court finds no merit to Martinez's belated challenge to Count 3 on the grounds that the charge was duplicitous since it was based on two predicate offenses, a drug trafficking crime and a crime of violence. As the government points out, (Doc. 152 at 20), "[o]nce Martinez entered his guilty plea, he waived any claim he might have had that the count [3] was duplicitous." (string citations omitted).

In Higa, 413 F.Supp.3d at 1017, the court addressed this same "duplicitousness" argument and stated:

> Higa also argues impermissible "duplicitousness" in the Indictment because the Government pleaded both the Hobbs Act Robbery and Hobbs Act Conspiracy as predicate crimes of violence for the Section 924(c) charge in Count 3 of the Indictment. Because this argument challenges the language of the Indictment itself, Higa has already waived it. United States v. Brizan, 709 F.3d 864, 866-867 (9th Cir. 2013); *see also* Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which

he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Moreover, Davis does not newly recognize a right related to defective indictments within the meaning of Section 2255(f)(3) such that Higa can rely on it to make what would otherwise be an untimely Section 2255 argument. In short, whether or not the Government erred by including both Hobbs Act Conspiracy and Hobbs Act Robbery as the basis of the Section 924(c) charge in Count 3 is immaterial in the face of Higa's plea agreement waiver, and Davis provides no quarter for a timely collateral challenge to the Indictment on that basis.

Thus, the court finds no merit to Martinez's claims in his §2255 motion and will deny his request to vacate his conviction and sentence on Count 3 of the Indictment. The court also finds that Martinez is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. *See* Higa, *supra*. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

17

could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Martinez has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## V.   CONCLUSION

Based on the foregoing, the court **DENIES** Pablo Martinez's §2255 motion. **(Doc. 145)**. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 26, 2021**
17-26-02